IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDDIE WALTERS,

        Plaintiff,

vs.                                            CIVIL NO. 02-1462 WDS/LFG

NEW MEXICO STATE POLICE,
a New Mexico state agency, and
MICHAEL HAWKES, State
Police Captain, individually, and
in his supervisory capacity with
the New Mexico State Police,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO COMPEL

THIS MATTER is before the Court on an emergency telephonic hearing on Defendants' oral motion to compel.

### Background

This action is brought pursuant to 42 U.S.C. § 1983 as well as Title VII of the Civil Rights Act. Plaintiff Eddie Walters ("Walters") claims that he was disclosed as the claimants' witness regarding sexual harassment claims brought by two former State Police dispatchers, Carol Williams and Carol Lee Smith. Walters contends that as a result of his being listed as a witness on behalf of the two women who filed claims of unlawful employment practices against Defendant New Mexico State Police. Walters asserts that disciplinary action was taken against him in retaliation for his opposition to unlawful employment practices and his protected status as a Title VII witness.

Walters asserts that as a result of his association with the Title VII complainants Carol Williams and Carol Lee Smith and his participation as a witness on their behalf, he was subjected to

disciplinary action resulting in the constructive termination of his employment in January 2002. He contends that Defendants' conduct was intentional, without basis and in deliberate disregard for his legal rights. He claims:

> As a result of the retaliation by the Defendants and loss of employment with the NMSP, Plaintiff has suffered damages, including but not limited to economic damages, *emotional distress*, loss of employment opportunities and attorney fees and costs. [emphasis added].

(Initial Pretrial Report, Doc. 18, p. 5).

## Present Dispute

D.N.M.LR-Civ. 26.3 (d) provides that when claims for physical, mental or emotional injury are presented, a plaintiff must produce a five-year treatment history disclosing by name, address and phone number, each and every healthcare provider the plaintiff has seen for any reason in the preceding five years. Secondly, the plaintiff must execute appropriate medical release forms so as to allow defendant access to information.

Walters failed to make the mandatory Rule 26 disclosures and failed to seek the Court's order protecting him from having to disclose this information. While claiming that the information was privileged, Walters failed to provide Defendants with a Vaughn index as required by Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

Defendants scheduled Walters' deposition for May 12, 2004. During the course of the deposition, Walters confirmed that he was previously examined and evaluated by a clinical psychologist. When asked for particulars concerning the reasons and circumstances leading up to the treatment, the diagnosis, or other matters relating to the evaluation, Walters' counsel directed Walters not to respond, claiming that the information was privileged.

Additionally, when defense counsel sought information about Walters' emotional harm claims and damages related to those claims, Walters' counsel once again instructed Walter's not to answer, contending that the information was privileged and that his psychological treatment was not related to the retaliation and termination. Accordingly, Walters declined to answer.

Upon Walters' refusal to answer at counsel's direction, defense counsel immediately sought the Court's assistance by way of an emergency telephonic hearing. The hearing was conducted on May 12, 2004.

## **Analysis**

It is axiomatic that a party may not assert a claim for damages and then deny the opposing party an opportunity to ascertain their legitimacy. *See* Pugach v. State of New Mexico, CIV 99-559 JP/LFG slip. op. at *2 (D.N.M. December 22, 1999)[Doc. 41]. The information sought is necessary to confirm Walter's claims, to evaluate the case for settlement or, if necessary, to prepare to refute the claims at trial. Here, by seeking damages for emotional harm, Walters places his emotional condition at issue and Defendants are entitled to discover the nature, extent and cause of Walters' emotional condition.

In many respects, this case is similar to LeFave v. Symbios, Inc., 2000 WL 1644154 (D. Colo. April 14, 2000). In LeFave, the plaintiff brought an action pursuant to Title VII of the Civil Rights Act alleging a sexually hostile working environment. There, as here, there was a claim that the plaintiff was forced to leave employment due to defendant's conduct. LeFave requested damages, including compensation for "pain and suffering, emotional trauma, and . . . humiliation." (Verified Complaint, ¶ B), LeFave at *1.

Defendants moved to compel production of LeFave's medical records and, in response, LeFave acknowledged that she had previously seen a psychologist and that there were psychological

3

records concerning her condition, but claimed that the records were privileged. LeFave argued that she had not placed her mental condition at issue as her request for damages fell within the "garden variety" class of claims for damages insufficient to meet a good-cause requirement for production. Parties may obtain discovery of any non-privileged information relevant to the parties' claims and defenses.

The LeFave court further reasoned that the information sought was relevant to the preparation of defendant's defenses against plaintiff's emotional distress damage claim because LeFave's medical records might reveal stressors unrelated to defendants which may have affected plaintiff's emotional well being.

The 10th Circuit has addressed the question of whether a plaintiff waives a claim of privilege for psychotherapist records by filing suit. *See* Dixon v. City of Lawton, Okl, 898 F.2d 1443 (10th Cir. 1990). In Dixon, a plaintiff brought a 42 U.S.C. § 1983 action against police officers arising out of the shooting death of her son. Defendants prevailed at trial and plaintiff appealed contending that the court erred in allowing the admissibility of certain of plaintiff's medical records which plaintiff claimed were privileged. The 10th Circuit found that the psychotherapist-patient privilege did not apply because plaintiff made a claim for emotional distress damages. Id. at 1450-51. Thus, the 10th Circuit concluded that plaintiff placed her emotional condition at issue and, therefore, waived her psychotherapist-patient privilege with respect to any communications between her and her psychotherapist. The court determined that the plaintiff's psychological records and information relating to Plaintiff's emotional condition may lead to the discovery of admissible evidence regarding her present claim for emotional distress damages.

In the present case, Defendants do not seek a Rule 35 independent examination. An evaluation of that nature is intrusive, and a simple "garden variety" claim for emotional damages may

4

not trigger Defendants' right to a Rule 35 evaluation. Thiessen v. General Electric Capital Corp., 178 F.R.D. 568 (D. Kan. 1998). However, as Walters specifically requested damages for emotional harm and there is evidence demonstrating that Walters previously saw healthcare providers in a professional capacity in relation to psychological and/or emotional issues. The information sought is relevant. Information related to Walters' prior diagnosis, prognosis and proximate cause is all relevant to the present claim for damages. There is no dispute that the psychotherapist's records are privileged. Jaffee v. Redmond, 116 S. Ct. 1923, 1931 (1996), but that privilege can be waived. LeFave. Here, by filing suit and requesting damages for emotional injury, Walters waives his privilege.

Walters argues that his prior treatment has no bearing on his present damage claims. However, Defendants are not required to accept Walters' assessment. To the contrary, Defendants are entitled to determine whether Walters does indeed suffer from any mental or emotional condition and whether that condition was caused by Defendants' alleged conduct or whether the condition can be attributed to other causes. If other life stressors caused or contributed to the source of Walters' present condition, Defendants would not be liable for the underlying condition, but only for the extent to which Defendants' own conduct aggravated the preexisting condition.

In LeFave, the court found that defendants were entitled to discovery of identities of plaintiff's healthcare providers as well as her medical records for a period of five years prior to the events giving rise to plaintiff's case and continuing to the present. LeFave (*citing* Lanning v. Southeastern Pennsylvania Transp. Authority, 1997 WL 597905 (E.D. Pa. 1997))(motion to compel production of the plaintiff's medical and psychiatric records was granted). The LeFave ruling is consistent with this district's local Rule 26, that is, a plaintiff who seeks damages for physical, mental or emotional injury must disclose all healthcare providers whom the plaintiff has seen in the last five years.

5

Like LeFave, this Court now concludes that Walters placed his mental and emotional condition at issue by making his claim for emotional damages. He may not now object to Defendants' inquiry into the existence and cause of those damages.

**Instruction Not to Answer**

It is undisputed that Walters' counsel instructed him not to answer questions concerning his psychological condition, diagnosis or treatment provided in the past. It is well-settled law that instructions not to answer are improper. Fed. R. Civ. P. 30.

In Resolution Trust Corp. v. Dabney, 73 F.3d 262 (10th Cir. 1995), the 10th Circuit adopted the approach taken in American Hangar, Inc. v. Basic Line, Inc., 105 F.R.D. 173 (D. Mass. 1985), one of the most frequently cited cases dealing with this issue. In American Hangar, the court stated:

> There is no question but that the instructions not to answer were improper. Rule 30(c) Fed. R. Civ. P. provides in pertinent part: evidence objected to *shall be taken* subject to objection. This rule means that, as a general rule, instructions not to answer are improper. The only exceptions are those canvassed in the recent case of Int'l Union of Electrical, Radio and Machine Workers, AFL-CIO v. Westinghouse Elec. Corp., 91 F.R.D. 277 (D.D.C. 1981), and deal with questions which seek information in the form of trade secrets and privileged information. Even in the case of questions of this type, it is the duty of the attorney instructing the witness not to answer to immediately seek a protective order. [emphasis in original].

Id. at 174.

As noted, this is the approach adopted by the 10th Circuit in Dabney. There, our circuit court stated:

> Under the plain language of Fed. R. Civ. P. 30(d)(1), counsel may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to suspend a deposition in order to present a motion under Fed. R. Civ. P. 30(d)(3). It is inappropriate to instruct a witness not to answer a question on the basis of relevance.

6

Id. at 265.

In this case, Walters did not previously secure a court order limiting the scope of the deposition, nor did the Court previously direct that Defendants not examine Walters on certain subjects. Thus, the direction not to answer was improper and in violation of Rule 30(d)(1). Instead, the parties utilized one option under Dabney, and that was to temporarily suspend the deposition while seeking a ruling of the Court. As the referral magistrate judge was available, the Court heard Walters' and Defendants' arguments and finds that good cause exists for granting the motion to compel. The Court overruled Walters' objections and directed him to respond to the questions.

## **Option to Withdraw Claims**

The Court offered Walters an option. Under Rule 26, Walters' psychological records are only relevant because of Walters' claims. Thus, if Walters withdraws his claim for emotional injury damages and agrees not to present evidence, argue for, or accept an award of damages for emotional injury, the information sought by Defendants would no longer be relevant to the claims or defenses and, therefore, the Court would rescind its order and not compel Walters to respond.

After providing Walters' counsel with that option during the telephonic conference, Walters' counsel requested two days within which to determine whether to seek an immediate appeal of the Court's ruling or, alternatively, to withdraw Walters' claim for emotional injury damages. The request for additional time is reasonable. However, if Walters neither withdraws his claim for damages nor appeals the Court's order, Defendants are entitled to reschedule the deposition and obtain the requested information from Walters. The cost of the rescheduled deposition, however, including court reporter fees and defense counsel's attorney fees, will be borne by Walters.

Under Rule 37(a)(4), an award of expenses, including attorney fees, is mandatory unless the Court is able to make either of two findings: (1) that the opposition to the motion was substantially

justified; or (2) that other circumstances make an award of expenses unjust. As there is clear 10th Circuit law on the issue of discoverability of psychotherapist records when a plaintiff makes a claim for emotional damages, and because the rules of procedure specifically prohibit the instruction to a deponent not to answer, save for the limited exceptions discussed in Dabney, the Court finds that Walters' refusal to answer was unjustified.

Accordingly, Walters is directed to notify Defendants by the close of business on May 14, 2004, whether Walters will seek an appeal on this discovery order. If so, Walters will have his full time to appeal as authorized by Fed. R. Civ. P. 72(a). Alternatively, should Walters advise Defendants by the close of business on May 14 that he will withdraw the claims for emotional harm damages and not present evidence on them, argue for them, or accept damages which may be awarded for emotional harm, then the Court will rescind its discovery order and not allow Defendants to further examine on matters related to emotional injury. In that event, no costs or fees will be awarded. Third, should Walters decide not to appeal and not to withdraw the claim for damages, then Defendants may reschedule the deposition, and at that deposition, Walters is directed to answer the questions put to him by defense counsel. If the re-deposition occurs, Walters is responsible for payment of the court reporter's fees as well as defense counsel's attorney fees for the deposition.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge