IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDDIE WALTERS,

        Plaintiff,

vs.                                        CIVIL NO.  02-1462 WDS/LFG

NEW MEXICO STATE POLICE,
a New Mexico state agency, and
MICHAEL HAWKES, State
Police Captain, individually, and
in his supervisory capacity with
the New Mexico State Police,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S FIRST MOTION COMPELLING ANSWERS AND RESPONSES

THIS MATTER is before the Court on Plaintiff's First Motion Compelling Answers to Interrogatories and Responses to Requests for Production of Documents [Doc. 38]. The Court considered the motion, response [Doc. 44] and reply [Doc. 47] and determines that oral argument is not necessary. This matter may be resolved based on the parties' submissions.

Plaintiff Eddie Walters ("Walters") brings an action against the New Mexico State Police and State Police Captain Michael Hawkes pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act. Walters contends that he was constructively discharged by Defendants because of his willingness to testify on behalf of two former female dispatchers who filed complaints for gender discrimination, sexual harassment and hostile work environment against the New Mexico State Police.

On January 23, 2004, Walters served a set of interrogatories and requests for production of documents. Defendants objected to certain interrogatories and request for production and, although

the parties attempted to resolve their discovery dispute, they were unable to reach a satisfactory resolution. Accordingly, the present motion was filed.

Walters requests responses to Interrogatory No. 3, as well as Request for Production of Documents Nos. 24, 26 and 29.

In <u>Interrogatory No. 3</u>, Walters requested:

> State whether any of NMSP management officials or any outside consultant has made any inquiry or investigation into allegations of sexual harassment, gender discrimination, or hostile work environment at the Socorro District Office of the NMSP from 1999 to the present, and, if so, identify all persons who made or assisted in such inquiry or investigation and identify all documents referring to or relating to such inquiry or investigation.

In response, Defendants advised that their attorney, Marcia Lubar, investigated two claims of gender discrimination in order to respond to charges of discrimination filed by two former employees of the New Mexico State Police, Socorro District Office. The response further indicated that no one assisted Ms. Lubar in the investigation, but that the investigative file was confidential, privileged and protected under the attorney work-product doctrine. In further response, Defendants stated that there was a second investigation by the Department of Public Safety as a result of Defendant Hawkes finding an obscene photograph posted by Walters in a cabinet in the squad room of the Socorro office. The response referred to the October 2001 investigative report identified and apparently produced in response to Request for Production No. 2.

While Walters asserts that the response to Interrogatory No. 3 was inadequate, the Court disagrees. In the response, Defendants identify two separate investigations. One was conducted by Defendants' attorney, Ms. Lubar, relating to claims of employment discrimination brought by two female employees. The second investigation related to a photograph allegedly posted by Walters in the squad room. As to the attorney investigative report, Ms. Lubar claimed that her files were

2

confidential and privileged, and protected by the attorney work-product doctrine.

The elements of the attorney-client privilege are met. Defendant New Mexico State Police is Ms. Lubar's client; she is a member of the bar; the investigation of the discrimination claims was undertaken for the purpose of securing an opinion and/or providing legal assistance in reference to the discrimination claims; and, the attorney-client privilege has been claimed. Discovery Proceedings in Federal Court, § 28.02 (3d ed).

Moreover, Walters' interrogatory inquiry and request for production were far too broad. He did not only ask about the general nature of Ms. Lubar's activities or the conditions of her employment, or questions relating to her and the New Mexico State Police's relationship. He didn't just seek disclosures of the facts which Ms. Lubar gathered. These inquiries would have been permissible as the attorney-client privilege only protects disclosures of confidential communications made by the client and does not protect against disclosures of the underlying facts. Id., § 28.04.

The facts which Ms. Lubar obtained during the course of her investigation, however, might still be protected under the work-product privilege.

> The rule protecting communications between attorney and client generally does not apply to facts not communicated to the attorney by the client, but with which the attorney became acquainted while engaged as representative of the client. However, such material may be covered by the work-product rule. That is to say, the privilege does not extend to information derived from other sources than the client, and does not ordinarily extend to communications from third persons.

Id. at § 28.04.

Here, the Court agrees with Defendants' argument and objection to discovery. This investigation was not a fact-finding endeavor undertaken by Defendant. It was not an inquiry routinely done in the course and scope of Defendant's work. Rather, upon receipt of complaints

3

lodged by employees who threatened suit, Defendant used the services of its attorney to evaluate the claims, recommend a course of action, and, if necessary, to defend the claims in court. The Court concludes that the attorney's file relating to these claims is governed by the attorney-client and attorney work-product privilege.

The Court also concludes that the documents identified and produced with respect to the second investigation adequately respond to the discovery request. Therefore, the Court deems that Interrogatory No. 3 has been fully and satisfactorily answered. No further response to that interrogatory is required.

In Request for Production No. 24, Walters seeks the personnel and disciplinary files of any employee subjected to disciplinary charges in 2001 at the Socorro District Office. Defendants objected to production of the files claiming the request was vague, overly broad and burdensome, and that the Internal Affairs files were confidential.

Walters contends he was unfairly disciplined in retaliation for his opposition to unlawful employment practices and because he agreed to testify on behalf of two Title VII claimants. The implication is that evidence from personnel files may show that other employees in the Socorro office were not disciplined or were not disciplined for the same alleged infractions for which Walters was disciplined. Claims of disparate treatment go to the heart of this case.

Personnel files and records of similarly situated employees can "provide comparative evidence which is often highly probative in employment discrimination cases." EEOC v. University of New Mexico, 504 F.2d 1296, 1302 (10th Cir. 1974). Indeed, in a case where the defendant employer was the EEOC itself, the 10th Circuit reversed the trial court's denial of a motion to compel personnel files, noting:

4

> The files sought in plaintiff's request were personnel files of EEOC employees who plaintiff claims were hired or promoted in discriminatory preference over him. The qualifications and job performance of these employees in comparison with the plaintiff's qualification and performance is at the heart of this controversy. This is, in fact, the sort of information that EEOC seeks, and we have allowed, in investigating and litigating discrimination cases.

Weahkee v. Norton, 621 F.2d 1080, 1082 (10th Cir. 1980). It is important to note that in Weahkee, as here, defendant refused to produce employee personnel files citing the Privacy Act. The Weahkee court rejected those arguments.

So, too, the Court rejects privacy arguments. The personnel files, in redacted form, will be produced subject to a confidentiality order. This is not to say that Defendants are obligated to wholesale produce all personnel files in the Socorro office. Rather, the personnel files and disciplinary reviews should be produced for any employee in the Socorro office who was alleged to have engaged in the same kind of infraction for which Walters is alleged to have been disciplined. Additionally, Defendants should produce the personnel files and disciplinary reviews of any employee in the Socorro office who was listed as a witness to testify on behalf of one or both of the two female employees, Carol Williams and Carol Lee Smith, who filed claims of unlawful employment discrimination.

Accordingly, Defendants will be ordered to produce the files and disciplinary appraisals of employees identified above. Defendants, however, may redact information limited to home addresses, social security numbers, salary and medical/psychological information from the files. All other information in the personnel file and/or disciplinary file should be produced.

As noted, these files are ordered to be produced subject to confidentiality conditions as follows: All parties and counsel are required to maintain strict confidentiality of these records and they may not be used for any purpose other than this litigation. Their contents may not be disclosed

to anyone other than the parties, counsel and the Court to the extent necessary to prosecute or defend

this litigation.  At the conclusion of the litigation, all information which was produced, together with

all copies of the information, are to be returned to the producing party.

In Request for Production No. 26, Walters sought any and all documents pertaining to any

claims or allegations of sexual harassment or hostile work environment made by an employee against

any person working for the NMSP for the time period of January 1996 to the present.  In response,

Defendants state:

> NMSP does not have files going back to 1996.  Names of cases based
> on civil rights are provided in response to interrogatory no. 8.  NMSP
> objects to providing its legal files as they are privileged as attorney-
> work product.  Documents regarding the lawsuits are available to
> plaintiff as they are public record.  See response to request for
> production no. 2.

The Court initially  notes that requests for "any and all" document or "each and every"

document is overly broad and improper.  In Horizon Holdings L.L.C. v. Genmar Holdings, 209

F.R.D. 208, 215 (D. Kan. 2002), and in IBP, Inc. v. Mercantile Bank of Topeka, 179 F.R.D. 316,

321-22 (D. Kan. 1998), the courts characterized such requests as over broad, vague and ambiguous

on their face.  Indeed, the risk to a requesting party who asks for too much is that the court will

simply sustain an objection and the requesting party may get no information at all.

In this case, however, the Court notes that Defendants have produced certain information.

First, Defendants identified court actions which were filed.  As those court documents are publicly

available and the burden to obtain the documents is the same for Walters and Defendants, the Court

will not require Defendants to produce the documents.  However, if Defendants have not already

done so, they should identify the name of the parties, the docket number and the court where the

action was filed.  Secondly, Defendants response is not specific as to claims of employment

discrimination which did not mature into lawsuits. The Court will require Defendants to disclose the name and to produce the complaint or administrative grievance filed by any employee who asserted allegations of sexual harassment or hostile work environment against the New Mexico State Police for a period of three years prior to the lawsuit being filed.

In Horizon Holdings L.L.C. v. Genmar Holdings, the court collected numerous cases discussing temporal scope of discovery, that is, the time period before and after filing suit which may be relevant and discoverable. 209 F.R.D. at 212. For example, in James v. Newspaper Agency Corp., 591 F.2d 579 (10th Cir. 1979), the court authorized discovery for a period of four years prior to the liability period. Similarly, in EEOC v. Kansas City Southern Railway, 195 F.R.D. 678, 679-80 (D. Kan. 2000), the court authorized discovery for three years prior to and one year after the liability period. In Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997), the court authorized discovery for a period of two years after termination. In Lyoch v. Anheuser-Busch Companies, Inc., 164 F.R.D. 62, 67 (E.D. Mo. 1995), the court found a four year prior to liability period reasonable. In Horizon Holdings, the court concluded that three years prior to the liability period was reasonable. 209 F.R.D. at 212-13.

So, too, here. The Court determines that Walters' request for discovery from 1996 to the 2004 is not reasonable, but will require production of information for a period of four years prior to filing suit, or three years prior to the alleged constructive discharge, whichever is greater.

The Court will not require Defendants to produce its attorney files or work-product documents relating to those claims. However, the claims themselves, that is, the employee's grievance, letter or administrative complaint should be provided.

In Request for Production No. 29, Walters seeks,

All disclosures made to federal, state, local or internal administrative
agencies since 1999 referring to or relating to sexual harassment or
hostile work environment generally or to any specific claims made by
female employees at the Socorro District Office.

Defendants objected to producing any responses to EEOC as those files are confidential.  The
Court overrules the objection.  The request is limited in both time and scope.  Walters seeks
information relating to matters only in the Socorro office, and with the Court's prior temporal
limitation, that is for a time period of four years prior to the filing of the complaint or three years prior
to the alleged constructive discharge, the time limit is reasonable.  Defendants should produce any
response filed with the EEOC or State Human Rights Commission concerning claims of sexual
harassment or hostile work environment generally arising from claims made by female employees in
the Socorro District Office.  These documents, of course, will be produced subject to the same order
of confidentiality.

The Court denies Walters' request for the fees and expenses incurred in filing this motion.

IT IS THEREFORE ORDERED that Walters' motion to compel [Doc. 38] is granted in part
and denied in part.

IT IS FURTHER ORDERED that Defendants shall produce all documents and information
as outlined above within twenty days of entry of this order.

Lorenzo F. Garcia
Chief United States Magistrate Judge

8